UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| VICKI DANIELS,<br><br>          **Plaintiff**,<br><br>v.<br><br>PFIZER, INC., GREENSTONE, LLC, VIATRIS INC., PRASCO, LLC, PHARMACIA LLC, PHARMACIA & UPJOHN COMPANY, LLC, and WALGREENS CO., INC.,<br><br>          **Defendants**. | Case No. 3-25-cv-00188 |

## MOTION TO STAY PROCEEDINGS

Defendants Greenstone LLC ("Greenstone") and Viatris Inc. ("Viatris") (together, the "Moving Defendants"), by and through their undersigned counsel, hereby move to stay these proceedings pending transfer to a Multidistrict Litigation ("MDL") involving similar allegations concerning personal injuries allegedly caused by the long-term use of Depo-Provera or its generic equivalent.

**I.    INTRODUCTION**

This case is one of at least 76 actions pending in 20 federal District Courts alleging personal injuries relating to the use of Depo-Provera ("Depo-Provera cases"), an FDA-approved prescription-only medication. On November 26, 2024, certain plaintiffs in the Depo-Provera cases petitioned the Judicial Panel on Multidistrict Litigation ("JPML") to centralize the Depo-Provera cases into an MDL (the "Petition"). *See In re Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, MDL No. 3140, Dkt. 1, Pls.' Pet. (J.P.M.L. Nov. 26, 2024). The parties before the JPML did not dispute that an MDL should be formed. The only question was to

1

which venue and judge the litigation should be sent. A hearing before the JPML on the Petition occurred on January 30, 2025, and on February 7, 2025, the JPML issued a Transfer Order consolidating the Depo-Provera litigation in the U.S. District Court for the Northern District of Florida before the Hon. Judge M. Casey Rodgers (the "*Depo- Provera* MDL"). *See id.* at Dkt. 120, Or. Consistent with the purpose of an MDL to conserve the Court's and the parties' resources, avoid duplicative discovery and proceedings, and reduce the risk of inconsistent rulings, this Court should stay this action pending transfer to the *Depo-Provera* MDL.

**II. ARGUMENT**

"The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Walker v. Merck & Co.*, No. 05-cv-360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Relevant factors in considering a motion to stay include 1) irreparable harm to the moving party if a stay is denied; 2) potential hardship to the non-moving party if a stay is granted; and, 3) effect on public interests if a stay is granted. *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 992 (C.D. Ill. 2011) (citing *Koutcher v. Gonzales*, 494 F.3d 1133, 1134-35 (7th Cir. 2007)); *see also Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) ("the factors to be considered include (1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.").

Courts have routinely found that a pending transfer to an MDL is a sufficient basis to stay proceedings. *See, e.g.*, *Walker*, 2005 WL 1565839, at *2 (granting the defendant's motion to stay pending potential transfer to MDL and refusing plaintiff's request to rule on a pending motion to remand before staying the case); *Stoddart v. DraftKings, Inc.*, No. 3:15-cv-1307, 2015 WL

2

13158333, *1 (S.D. Ill. Dec. 16, 2015) (staying proceedings pending resolution of MDL transfer motions); *Paul v. Aviva Life and Annuity Co.*, No. 1:09-cv-1038, 2009 WL 2244766, *2 (N.D. Ill. July 27, 2009) (overruling plaintiff's objections and granting the defendant's motion to stay proceedings pending potential transfer to an MDL); *Tench v. Jackson Nat. Life ins. Co.*, No. 1:99-cv-5182, 1999 WL 1044923, *2 (N.D. Ill. Nov. 12, 1999) (granting the defendant's motion to stay pending potential transfer to MDL despite the pendency of a motion to remand). In these circumstances, judicial economy is best served by a stay because the transferee court will hear and decide many of the same issues which prevents conflicting decisions on similar pretrial issues. *Paul*, 2009 WL 2244766, at *2. A brief stay "will ensure there will not be unnecessary duplication of effort, prejudice to the parties, or any inconsistent rulings while the courts and parties await the JPML's decision." *Stoddart*, 2015 WL 13158333, at *1.

Moving Defendants therefore respectfully request the Court to exercise its discretion to grant a stay of these proceedings pending the transfer of this case for consolidation with similar matters in the *Depo-Provera* MDL. Plaintiff will not suffer prejudice from a short stay. There has been no substantive activity in the case beyond the filing of Plaintiff's Complaint and the Moving Defendants' removal to this Court. Thus, the lack of prejudice to Plaintiff weighs in favor of a stay.

Denial of a stay would result in prejudice to Moving Defendants. This case, like the dozens of other Depo-Provera cases that will be coordinated in the Northern District of Florida, allege similar claims against the Moving Defendants and other defendants, which are disputed. Like Plaintiff here, the plaintiffs in the Depo-Provera cases purport to assert product-liability claims concerning the alleged risk of developing meningioma from the long-term use of Depo-Provera.

3

Staying this case for transfer to the *Depo-Provera* MDL will mitigate the potential hardship or inequity of proceeding with duplicative litigation activities.

Finally, granting a stay would also further the interests of judicial efficiency and comity. The benefits of transferring such cases "to the MDL—the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources— are obvious." *Johnson v. AMR Corp.*, No. 1:95-cv-7659, 1996 WL 164415 (N.D. Ill. 1996). Even if Plaintiff were to challenge subject matter jurisdiction via motion to remand, the JPML has "often held" that "the pendency of a motion to remand generally is not a good reason to deny or delay transfer." *In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011). Judge Rodgers in the Northern District of Florida will be well suited to consider any potential jurisdictional challenges that may be presented and, importantly, to ensure those issues are resolved in an efficient and consistent manner across the entirety of the *Depo-Provera* MDL. Accordingly, judicial efficiency weighs in favor of a stay.

## III. CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request the Court to stay all proceedings in this case pending the transfer of this matter to the *Depo-Provera* MDL.

Dated: February 7, 2025

Respectfully submitted,

SWANSON, MARTIN & BELL, LLP

*/s/ Gary C. Pinter*
Gary C. Pinter
103 W. Vandalia Street, Suite 215
Edwardsville, IL 62025
Telephone: (618) 655-3131
gpinter@smbtrials.com

Andrew A. Lothson (*pro hac* to be sought)
330 North Wabash, Suite 3300
Chicago, IL 60611
Telephone: (312) 923-8274
alothson@smbtrials.com


PIETRAGALLO GORDON ALFANO BOSICK
& RASPANTI, LLP

Jason M. Reefer (*pro hac* to be sought)
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-1840
jmr@pietragallo.com

*Attorneys for Defendants Greenstone LLC and Viatris Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 7, 2025, I electronically filed the foregoing Motion to Stay Proceedings with the Clerk of Court using the CM/ECF system which will send notification to all parties of record. A copy of the foregoing is also being served on this same day via e-mail to the following:

David Cates
dcates@cateslaw.com
The Cates Law Firm, LLC
216 West Pointe Drive, Suite A
Swansea, IL 62226

Ashley Keller
ack@kellerpostman.com
Warren D. Postman
wdp@kellerpostman.com
Nicole C. Berg
ncb@kellerpostman.com
John James Snidow
jj.snidow@kellerpostman.com
Keller Postman LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606

                                          */s/ Gary C. Pinter*
                                          Gary C. Pinter