**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| VICKI DANIELS, *Plaintiff*, v. PFIZER INC., GREENSTONE LLC, VIATRIS INC., PRASCO, LLC, PHARMACIA LLC, PHARMACIA & UPJOHN COMPANY, LLC, and WALGREENS CO., INC., *Defendants*. | Case No.: 3:25-cv-00188 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS**

The Court should rule on Plaintiff's Motion to Remand because the removal was improper and this Court lacks jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868). Defendants first invoked jurisdiction, which does not exist, and now ask this Court to ignore jurisdictional defects and instead grant *them* relief through a stay of proceedings. This is improper because "the first and fundamental question is that of jurisdiction;" to act without jurisdiction "is, by very definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998) (Scalia, J.) (citation omitted). Under the removal statute, when the sole basis for removal is diversity, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Removal here was improper.

But more fundamentally, there is no jurisdiction here because there is no complete diversity. Fraudulent joinder does not apply because, among other reasons, Plaintiff properly pled claims against Walgreens. Defendants are grasping at a thin argument in hopes to delay Plaintiff's recovery for damages she sustained while using their product. Defendants hope these delay tactics will allow the case to be transferred to the newly created Depo-Provera MDL without this Court reviewing whether jurisdiction is proper in the first place. Instead, bedrock jurisdictional principles will guide this Court to reveal that Plaintiff's complaint is best resolved in the forum in which she originally sought relief: the Circuit Court for St. Clair County. This Court should deny Defendants' stay request and proceed expeditiously to remand this case to the Circuit Court of the Twentieth Judicial Circuit Court of Illinois, St. Clair County.

## ARGUMENT

### I.   This Court Must First Decide Jurisdiction.

As *Steel Co.* orders, a federal court's first inquiry is *always* jurisdiction. The "requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." 523 U.S. at 94–95 (internal quotations and citations omitted). The Supreme Court is undeniably clear: "without exception" means Defendants' request to stay the proceedings cannot leapfrog consideration of this Court's jurisdiction. For if this Court lacks jurisdiction, it lacks the power to act, and the case must be dismissed. *Id.* at 94; *see also Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 841 (S.D. Ill. 2008) ("With respect to the removing Defendants' request for a stay, it generally is not the Court's practice to allow cases in which the existence of subject matter jurisdiction is seriously at issue to remain pending long in federal court. The legal questions presented by the instant motion for remand are hardly novel ones for the Court, and they are quite as susceptible of

resolution here as they are in the MDL court."); *Bayer v. Boehringer Ingelheim Pharms., Inc.*, No. 3:21-CV-01084-SPM, 2021 WL 4192142, at *1 (S.D. Ill. Sept. 15, 2021) (remanding a Zantac case with an in-state retailer before transfer to the MDL); *Riddle v. Merck & Co.*, No. CIV. 06-172, 2006 WL 1064070, at *2 (S.D. Ill. Apr. 21, 2006) (remanding for lack of subject matter jurisdiction and denying Defendants' motion for stay).[1]

## II. The Factors Do Not Weigh in Favor of a Stay.

The factors invoked by Defendants do not weigh in favor of a stay. *See* Dkt. 3 (Mot.) at 2 ("1) irreparable harm to the moving party if a stay is denied; 2) potential hardship to the non-moving party if a stay is granted; and 3) effect on public interests if a stay is granted."). And the fact that an MDL has been created certainly does not make any one of those factors more favorable to Defendants.

First, there is no judicial economy advantage. Although Defendants proclaim that "the transferee court will hear and decide many of the same issues which prevents conflicting decisions on similar pretrial issues," Mot. at 3, the issue here is limited and applies *only* to cases first filed in Illinois state court. While there may be dozens of cases "pending in 20 federal District Courts," Mot. at 1, as far as Plaintiff knows, none of those raise the same issues as those in Plaintiff's Emergency Motion to Remand ("Remand Motion"). Furthermore, this Court, and not the MDL court, is in the best position to decide applicability in Illinois of the fraudulent joinder doctrine to the forum defendant rule.

---

[1] Even assuming that the Court did have the *power* to act, the Judicial Panel on Multidistrict Litigation recommends and encourages district courts to rule on remand motions before transfer to an MDL proceeding. *See Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 718 n.1 (E.D. Tex. 2002) (denying a request for a stay pending transfer to the MDL).

3

Second, Defendants are wrong that a stay would be "brief." Experience from other MDLs proves the point. When defendants in the NEC litigation removed cases properly filed in Pennsylvania and California state courts in early 2022, it took several months before they were remanded. *See, e.g.*, *Woods v. Mead Johnson & Co., LLC*, No. 22-cv-00879 (E.D. Cal. Sept. 21, 2022) (deciding remand on a case removed in May 2022). Here, the MDL was created days ago. Even if the MDL judge expeditiously sets the first hearing, which we expect she will, it will be months before there is a process in place for selecting leadership, formulating a plan for State cases, and deciding remand motions. Judicial economy will be best served by a ruling on Plaintiff's motion to remand by this Court, which will ensure that this case proceeds expeditiously in the appropriate forum. *Nauheim v. Interpublic Group of Cos., Inc.*, No. 02-C-9211, 2003 WL 1888843, at *2 (N.D. Ill. Apr. 16, 2003) ("Judicial economy . . . drives our decision to first examine Plaintiff's motion to remand because that examination may, as Plaintiff suggests, be dispositive as to both motions."). Plaintiff would be prejudiced by any such delay.

Third, Defendants would suffer no burden at all with a denial of the stay. Defendants' stated concern is allowing this case to proceed separately from the MDL and forcing Defendants to suffer "potential hardship or inequity of proceeding with duplicative litigation activities." Mot. at 4. But this argument ignores the reality of this litigation, which is that some cases will proceed in state court. *See, e.g.*, *Johnson v. Pfizer*, No. 24-cv-102244 (Sup. Ct. Cal.). And, more importantly, it ignores the limited scope of Plaintiff's Remand Motion. If this Court determines that the case should be remanded, the case will proceed separately from the MDL; and if this Court determines that the case should not be remanded, it will be transferred and litigated with all the other federal cases.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' request for stay. They have presented no substantial arguments in favor of removal, this Court must address jurisdiction before anything else, and in any case none of the factors for a stay weigh in their favor.

Dated: February 9, 2025                     Respectfully submitted,

/s/ *John J. Snidow*

KELLER POSTMAN LLC
John J. Snidow
jj.snidow@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Telephone: 202-918-1123

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2025 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    Respectfully submitted,

    */s/ John J. Snidow*