IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| VICKI DANIELS,<br><br>    *Plaintiff*,<br><br>v.<br><br>PFIZER INC., GREENSTONE LLC, VIATRIS INC., PRASCO, LLC, PHARMACIA LLC, PHARMACIA & UPJOHN COMPANY, LLC, and WALGREENS CO., INC.,<br><br>    *Defendants*. | Case No.: 3:25-cv-00188 |

**PLAINTIFF'S MOTION TO EXPEDITE THE BRIEFING SCHEDULE
AND RULING ON PLAINTIFF'S EMERGENCY MOTION TO REMAND**

COMES NOW Plaintiff, by and through her undersigned counsel, and for the Motion to Expedite the Briefing Schedule and Ruling on Plaintiff's Emergency Motion to Remand states:

1.     Removing Defendants improperly removed this case. As explained in Plaintiff's Emergency Motion to Remand ("Remand Motion"), this case was improperly removed. Plaintiff in this action is a citizen of Illinois. Defendant Walgreens is also a citizen of Illinois. Under the removal statute, when the sole basis for removal is diversity, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Removal here was improper.

2.     Additionally, there is incomplete diversity between the parties under 28 U.S.C. § 1332(d). There is no good faith basis for this Court to invoke diversity subject-matter jurisdiction and no other ground for removal has been argued.

3.     The removal attempt is based on the reckless allegation that the Illinois Defendant was fraudulently joined in this case. Yet, Defendants know they cannot carry their "heavy burden

to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). That is because a removing defendant invoking the narrow exception to the complete-diversity rule "must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?" *Id.* (emphasis in original, citation omitted).

4. As Plaintiff fully explains in her Remand Motion here, Defendants cannot prevail.

5. Yet, Defendants do not intend to invoke *this* Court's subject matter jurisdiction. Instead, they just hope to deny Plaintiff her choice of where to bring her claims, and to delay any actions from moving forward.

6. Defendants hope this Court will turn a blind eye, allow the Judicial Panel on Multidistrict Litigation to transfer the case, and punt the remand decision to the MDL Judge. The process of shuttling this case to the U.S. District Court for the Northern District of Florida and resubmitting a motion to remand will give Defendants several months (or more) of delay.

7. This Court should intercept Defendants' Hail Mary attempt to waste time. Defendants invoked this Court's jurisdiction, and this Court has ample authority to make Defendants defend their frivolous removal attempt well before the case is thrown to the MDL.[1] The Court should promptly remand.

---

[1] *See, e.g.*, *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 841 (S.D. Ill 2008) ("With respect to the removing Defendants' request for a stay, it generally is not the Court's practice to allow cases in which the existence of subject matter jurisdiction is seriously at issue to remain pending long in federal court. The legal questions presented by the instant motion for remand are hardly novel ones for the Court, and they are quite as susceptible of resolution here as they are in the MDL court.") (citing cases); *Riddle v. Merck & Co.*, No. CIV. 06-172-GPM, 2006 WL 1064070, at *2 (S.D. Ill. Apr. 21, 2006).

8. No new or novel issues are presented, such that this matter is ripe for immediate remand.

9. Defendants will not be prejudiced by the prompt disposition of this matter, as they have briefed this precise issue before. *See Bayer v. Boehringer Ingelheim Pharms., Inc.*, 3:21-cv-01084-SPM, 2021 WL 4192142, at *1 (S.D. Ill. Sept. 15, 2021) (granting Plaintiffs' Motion to Remand the case to the Illinois State court for lack of federal subject matter jurisdiction). Plaintiff stands to endure irreparable prejudice.

WHEREFORE, Plaintiff respectfully requests an expedited ruling on Plaintiff's Emergency Motion to Remand and for a shortened briefing schedule on these proceedings as follows:

Plaintiff filed her Remand Motion on February 9, 2025.

Defendant's Opposition will be due on or before February 11, 2025.

Plaintiff's Reply will be due on or before February 12, 2025, though Plaintiff may waive her right to a reply. And Plaintiff urges this Court not to wait for the Reply to rule if it is satisfied that the issues have been fully addressed.

Plaintiff respectfully submits that a hearing on this matter is unnecessary, but should the Court find otherwise, counsel for Plaintiff can be available anytime the Court deems fit.

Dated: February 9, 2025                    Respectfully submitted,

*/s/ John J. Snidow*

KELLER POSTMAN LLC
John J. Snidow
jj.snidow@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Telephone: 202-918-1123

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2025 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

*/s/ John J. Snidow*