## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| **VICKI DANIELS,** | **CASE NO. 3:25-cv-00188-NJR** |
| **Plaintiff,** | |
| **v.** | |
| **PFIZER, INC., GREENSTONE, LLC, VIATRIS INC., PRASCO, LLC, PHARMACIA LLC, PHARMACIA & UPJOHN COMPANY, LLC, and WALGREENS CO., INC.,** | |
| **Defendants.** | |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendants Pfizer Inc., Pharmacia & Upjohn Company, LLC, Pharmacia LLC, Viatris Inc., Greenstone, LLC, and Prasco, LLC (collectively, "Defendants") move for an extension of time in which to answer, move, or otherwise respond to Plaintiff Vicki Daniels's Complaint. Following removal of this lawsuit from the Twentieth Judicial Circuit, St. Clair County, Illinois, on February 7, 2025, and pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants' deadline to respond to the Complaint currently is February 14, 2025. Defendants seek an extension of their time to answer, move, or otherwise respond to the Complaint until 30 days after the Judicial Panel on Multidistrict Litigation ("JPML") decides whether to transfer this case to the newly-formed Multidistrict Litigation ("MDL"), *In re Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, MDL No. 3140 (the "Depo-Provera MDL"), before Judge Casey Rodgers in the U.S. District Court for the Northern District of Florida. Prasco's counsel conferred with Plaintiff's counsel by email on February 12, 2025. Plaintiff's counsel did not consent to this requested extension.

1

## I.    INTRODUCTION AND BACKGROUND

This is one of over 75 federal actions alleging personal injuries relating to the use of Depo-Provera, an FDA-approved prescription drug, and its authorized generic, medroxyprogesterone acetate ("MPA") (the "Depo-Provera cases"). Plaintiff filed this action in St. Clair County, Illinois, on December 31, 2024, naming Defendants and Walgreens Co., Inc. (*See* Doc. 1-1.) Because Walgreens was fraudulently joined, Greenstone and Viatris removed the case to this Court on February 7, 2025 (Doc. 1) and immediately moved to stay proceedings pending transfer to the Depo-Provera MDL (Doc. 3). Also on February 7, 2025, the JPML issued a Transfer Order creating the Depo-Provera MDL. *See generally In re Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, __ F. Supp. 3d __, 2025 WL 428349 (J.P.M.L. Feb. 7, 2025). On February 10, 2025, certain Defendants tagged this case for transfer to the Depo-Provera MDL. (*In re Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, MDL 3140, ECF No. 123-1, p. 1.)

Plaintiff moved to remand this case to state court (Doc. 6), opposed the motion to stay (Doc. 7), and moved the Court for an expedited briefing schedule on her remand motion (Doc. 8). The Court has not yet ruled on the motion to stay or plaintiff's remand motion, but ordered briefing on the remand motion will follow the Court's "standard briefing schedule for motions to remand, as defined by the local rules." (Doc. 23.)

## II.    ARGUMENT

Fed. R. Civ. P. 6(b)(1) governs requests to extend time to respond to a complaint "for good cause," upon motion, "if a request is made[] before the original time or its extension expires." When a motion to extend time is filed before expiration of a deadline, the parties seeking an extension need only demonstrate good cause for the requested extension. *McCann v. Cullinan*, 2015 WL 4254226, *7 (N.D. Ill. July 14, 2015). "Good cause" under Rule 6 "imposes only a light

burden." *SolAmerica Energy Servs., LLC v. J-Hulick Electrnic I, Inc.*, 2024 WL 1603483, *2 (N.D. Ill. Apr. 12, 2024).

Here, Defendants' time to respond to Plaintiff's Complaint does not expire until February 14, 2025. Because this Motion is being filed before that date, Defendants need only satisfy their light burden of good cause to extend their responsive pleading deadline. *McCann*, 2015 WL 4254226, at *7.

Good cause under Rule 6 exists for an extension for at least four reasons.

First, Defendants should not be forced to expend substantial resources before February 14 to prepare and file responses to the Complaint when the case will remain in federal court through at least mid-March (when Plaintiff's remand motion is fully briefed), and that this case may very well be transferred to the MDL before then (in which case any resources expended in preparing responsive pleadings in this Court would go to waste). Avoiding motion practice at this stage ultimately will preserve party and judicial resources and constitutes good cause to extend Defendants' deadline here. *Block v. Equifax, Inc.*, 2017 WL 10573832, *2 (N.D. Cal. Nov. 13, 2017) (extending defendants' responsive pleading deadline until 30 days after JPML ruling on centralization "to promote judicial resources and avoid further motion practice"). This is particularly true here, where, under either Plaintiff's or Defendants' view of removal, pleading or motion practice in this Court ultimately will be a waste of resources. If Plaintiff is correct that the Court lacks subject matter jurisdiction, the Court will not rule on any Rule 12 motions Defendants may file and the case will be remanded to state court. But, if Defendants are correct that removal was proper, this case likely will be transferred to the Depo-Provera MDL, where Judge Rodgers

will oversee omnibus motion practice and master pleadings.[1] In either event, this case is not likely to remain in this Court beyond early April (at the latest), and it would be a substantial waste of resources for the parties to engage in Rule 12 motion practice or to otherwise respond to the Complaint in this Court, knowing

Second, certain Defendants tagged this lawsuit for transfer to the Depo-Provera MDL on February 10, 2025, and the requested extension will promote judicial and party economy. Courts routinely stay or extend defendants' deadlines to respond to complaints pending a JPML decision to transfer a case to an imminent or pending MDL, noting that any economy in litigating a case before transfer to an MDL is outweighed by the likely event that a case ultimately proceeds elsewhere. *See, e.g.*, *Block*, 2017 WL 10573832, at *2 (extending responsive pleading deadline to 30 days after JPML ruling on centralization to "promote judicial economy and sound judicial administration"); *Belcher v. Purdue Pharma L.P.*, 2018 WL 10798020, *1 (E.D. Ky. Oct. 3, 2018) (extending defendants' responsive pleading deadline to 30 days after JPML ruling regarding transfer to pending MDL); *Asmann v. Dairy Farmers of America, Inc.*, 2012 WL 1136865, *4 (D. Kan. Apr. 4, 2012) (extending responsive pleading deadline and staying action pending transfer to MDL in part because efforts of the court "might needlessly be repeated or negated by any inconsistent decisions in the MDL judge"); *cf. Collier v. SmithKline Beecham*, 2010 WL 2990014, *1 (S.D. Ill. July 27, 2010) (declining to formally stay defendants' responsive pleading deadlines, but requesting that the assigned magistrate judge set no schedule, including responsive pleading schedule, for 90 days to assess JPML action on transfer to MDL).

---

[1] Just yesterday, Judge Rodgers entered an order in the Depo-Provera MDL, extending Defendants' time to respond to any complaint in the Depo-Provera cases "until a date to be set." (*See* Doc. 3, p. 6, *In re: Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, 3:25-md-3140-MCR-HTC (N.D. Fla.).)

Third, responding to Plaintiff's 56-page, 289-paragraph Complaint will be a substantial undertaking, regardless of whether Defendants opt to answer or engage in motion practice.[2] Plaintiff's factual allegations and causes of action raise complex legal and factual questions that will require extensive research, investigation, and drafting. An extension until 30 days after a JPML ruling on transfer will permit Defendants to fully investigate, review, and respond to the allegations in the Complaint, either through an answer or a Rule 12 motion.

Fourth, briefing any motions to dismiss now, before a JPML ruling on transfer of this case, creates the risk of duplicative pretrial proceedings and potentially inconsistent pretrial rulings – the very risks an MDL is intended to alleviate. Extending Defendants' responsive pleading deadline would eliminate these risks. *See, e.g.*, *Asmann*, 2012 WL 1136865, at *4 (extending responsive pleading deadline and staying action pending transfer to MDL in part because doing so would reduce or eliminate risk of inconsistent pretrial decisions on common issues).

Further, plaintiff will suffer no prejudice from this requested extension. The parties have engaged in no discovery, the Court has yet to enter a scheduling order in this matter, and the only substantive activity in this case relates to the filing of Plaintiff's remand motion and Defendants' motion to stay. In addition, the Court recently declined to expedite briefing on Plaintiff's remand motion (Doc. 23). Thus, under the Court's standard briefing schedule, the case will remain in this Court through ***at least*** mid-March (or be transferred to the MDL before that) – meaning an extension of time until 30 days after the forthcoming JPML ruling on transfer poses no real risk of delaying this litigation.

---

[2] Notably, Defendants have not yet responded to any complaint in any of the Depo-Provera cases. This is not a case where Defendants can rely upon prior work product from responsive pleadings in other cases.

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court extend their time to answer, move, or otherwise respond to Plaintiff's Complaint from February 14, 2025, to 30 days after the JPML issues its ruling on transfer of this case to the Depo-Provera MDL.

Dated:          February 12, 2025                    Respectfully submitted,

**UB GREENSFELDER LLP**

By: */s/ Donald K. Schoemaker*
Donald K. Schoemaker, #06199062
Jarard P. Williams, #6344888
821 W. Highway 50, Suite 303
O'Fallon, IL 62269
Telephone: 618-257-7308
Facsimile: 618-257-7353
dschoemaker@ubglaw.com
jwilliams@ubglaw.com

*Attorneys for Prasco, LLC*

**FOX SMITH, LLC**

By: */s/ Bart C. Sullivan*
Bart C. Sullivan, #6198093
One South Memorial Drive, 12th Fl.
St. Louis, Missouri 63102
Telephone: (314) 588-7000
bsullivan@foxsmithlaw.com

*Attorneys for Pfizer Inc., Pharmacia & Upjohn
Company, LLC, and Pharmacia LLC*

**SWANSON, MARTIN & BELL, LLP**

By: */s/ Gary C. Pinter*
Gary C. Pinter, #6293560
103 W. Vandalia Street, Suite 215
Edwardsville, IL 62025
Telephone: (618) 655-3131
gpinter@smbtrials.com

Andrew A. Lothson (*pro hac vice*)
330 North Wabash, Suite 3300

Chicago, IL 60611
Telephone: (312) 923-8274
alothson@smbtrials.com
blothson@smbtrials.com

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**
Jason M. Reefer (*pro hac vice* to be sought)
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-1840
jmr@pietragallo.com

*Attorneys for Defendants Greenstone LLC and
Viatris Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on February 12, 2025, he filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.


*/s/ Donald K. Schoemaker*
Donald K. Schoemaker

*Counsel for Prasco, LLC*