IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Vicki Daniels,<br><br>                Plaintiff,<br><br>v.<br><br>PFIZER INC., GREENSTONE LLC, VIATRIS INC., PRASCO, LLC, PHARMACIA LLC, PHARMACIA & UPJOHN COMPANY, LLC, and WALGREENS CO., INC.,<br><br>                Defendants. | Case No. 3:25-cv-00188-NJR<br>Hon. Nancy J. Rosenstengel |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO ANSWER**

Plaintiff sued Defendants in Illinois state court; this Court lacks jurisdiction because there is no federal question and the parties are not completely diverse. *See* Doc. No. 1 ¶¶ 5, 14, 22 (admitting Plaintiff brings claims arising under state law and that Defendant Walgreens is a citizen of Illinois, as is Plaintiff). Yet Defendants removed the case to federal court, anyway, hoping to delay Plaintiff's day in court. They have continued their mission of delay by now seeking an extension of time to answer Plaintiff's complaint. The Court should deny that request and require Defendants to answer by the rules-based deadline.

**I.   Defendants Will Not Be Burdened by Abiding by this Court's Deadlines.**

Defendants have already received an extension of time in which to file their answer to the complaint that Plaintiff filed 45 days ago—last year. *See* Doc. No. 1 ¶ 3.

1

Defendants Pfizer Inc., Viatris Inc., and Pharmacia & Upjohn Company LLC were all served Plaintiff's complaint on January 10, 2025; as such, their answers in state court were due February 10. *See* Ill. Sup. Ct. R. 181(a). Had the case originally been filed in federal court, the Court would have had to dismiss for lack of jurisdiction, but their answers would have been due even sooner—January 31, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Walgreens was served a day earlier, and Defendants Greenstone and Prasco later that same week; all of their answers would already have been due too.[1] In other words, all Defendants except Pharmacia LLC would have already had to file an answer in state or federal court but for the improper removal of the action to this Court. As Defendants concede, there are dozens of similar lawsuits that have been filed across the country and Defendants should have been prepared to answer those cases as well. As such, Defendants cannot now claim that the issues are too hard—that the "causes of action raise complex legal and factual questions that will require extensive research, investigation, and drafting." Doc. No. 24 at 5. Because their answers *in this case* were due earlier this week, we must assume Defendants have already largely completed that work.

Under Federal Rule of Civil Procedure 81(c)(2)(C), Defendants must answer Plaintiff's complaint by February 14, 2025. That means they have already received one extension of time—until February 14, 2025—just by their improper removal. Defendants

---

[1] Defendant Pharmacia LLC is the only defendant who still has time left on its original service clock: the complaint was served on January 23, with an answer deadline of February 24.

should not receive a second extension as they have failed to show good cause. *See* Fed. R. Civ. P. 6(b)(1).

Furthermore, Plaintiff offered Defendants an option to ensure no resources would be wasted in their removal tactic: consent to an expedited briefing schedule on the remand motion and Plaintiff would likewise consent to an extension of Defendants' time to answer. That would have allowed the Court to quickly resolve the important question of whether it has jurisdiction over this case, and provide Defendants with extra time to respond to the complaint. Defendants declined Plaintiff's offer. The reason why is simple: Defendants do not need more time to prepare an answer to Plaintiff's complaint. And Defendants are not interested in the prompt administration of justice. *See* Fed. R. Civ. P. 1. Rather, they are interested in delaying that justice as long as possible. The Court should not bless such tactics.

## II.     This Court Should Follow the Rules-Based Deadline as It Did for the Motion to Remand Briefing.

In denying Plaintiff's request to expedite briefing on her motion to remand, the Court ruled that its standard briefing schedule would apply. *See* Doc. No. 23. The Court should do the same thing here. Under Local Rule 7.1(b)(2), Plaintiff would typically have 14 days to respond to a motion seeking an extension of time to answer. And if Defendants would have removed this case to federal court within seven days of being served with the complaint, that timeframe could have been followed. *See* Fed. R. Civ. P. 81(c)(2) (defendants have the longer of 21 days after service of process or 7 days after removal to file an answer when a case is removed prior to the filing of an answer). But they did not

3

do so.  Rather, Defendants sat on the complaint after being served and did not seek an extension of time to file their answer until two days before it was due.

The law in this Circuit is clear.  Delay that is the fault of a party cannot serve as good cause for seeking an extension of time.  *See Cardenas v. City of Chicago*, No. 08 C 3174, 2010 WL 610621, at *5 (N.D. Ill. Feb. 15, 2010), *aff'd*, 646 F.3d 1001 (7th Cir. 2011).  Here, Defendants are the ones that caused this expedited briefing on the motion to extend because of their dilatory tactics.  The Court should not reward Defendants by granting an extension.  Rather, it should stick to the rules-based deadline for service of an answer and require Defendants to answer by February 14—just as it did Plaintiff's request for expedited briefing on the motion to remand.

**III.    Requiring a Timely-Filed Answer Will Assist with the Motion to Remand Briefing.**

Finally, this Court should not extend the time for Defendants to answer because the briefing on Defendants motions to dismiss under Rule 12(b) will prove that the claims against Walgreens are not "utterly groundless," *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011), and will aid this Court in its disposition of Plaintiff's motion to remand.  This briefing will complement the briefing currently underway on the motion to remand and further describe how Plaintiff may recover from Walgreens assuming all the well-pleaded facts in her complaint are true.

*        *        *

Defendants sat on their hands after being served with the state court complaint and now—at the last minute—ask this Court for an extension of time to file their answer

to Plaintiff's complaint. Just as the Court has declined to expedite briefing on the motion to remand, it should also decline the request to extend the time to answer and require Defendants to follow the rules-based deadline.

                                              Respectfully submitted,

                                              */s/ John J. Snidow*
                                              KELLER POSTMAN LLC
                                              John J. Snidow (admitted *pro hac vice*)
                                              jj.snidow@kellerpostman.com
                                              1101 Connecticut Ave. N.W., Suite 1100
                                              Washington, DC 20036
                                              Telephone: (202) 918-1123

                                              *Attorney for Plaintiff*

Dated: February 13, 2025

## **CERTIFICATE OF SERVICE**

I certify that on February 13, 2025, counsel for all parties were served via the Court's CM/ECF system except for Walgreens, who was served via USPS.

> */s/ John J. Snidow*
> John J. Snidow